IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GEORGE E. LOVING, JR., and REBECCA LOVING,<br><br>        Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>        Defendant. | 4:07CV3068<br><br>MEMORANDUM AND ORDER |

      This matter is before the court on plaintiffs' motion for approval of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Filing No. 45. Plaintiffs seek EAJA fees in the amount of $5,096.50 for work provided by counsel and $1,029.00 for work provided by paralegals, for a total award of $6,125.50. Additionally, the plaintiffs request that the funds be paid directly to their attorney. The defendant responds that it does not contest the award of attorney fees in the amount of $6,125.50, and requests an order that the funds be payable to the plaintiffs' attorney. Filing No. 48.

      The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A), (2)(B); *United States Sec. and Exch. Comm'n v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). Courts called upon to interpret the EAJA should endeavor to interpret the fee statute in light of its purpose, which

was to diminish the deterrent effect of seeking review of, or defending against, governmental action.  See *Sullivan v. Hudson,* 490 U.S. 877, 883 (1989).

A prevailing Social Security claimant may recover fees under the EAJA if the Commissioner's position was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).  The burden of establishing that the position of the United States was substantially justified "must be shouldered by the Government." *Scarborough v. Principi,* 541 U.S. 401, 414 (2004).  To establish substantial justification, the Commissioner must show that the denial of benefits had "a reasonable basis in law and fact."  *Goad*, 398 F.3d at 1025.  The government does not contest the award of attorney fees and, further, the government agrees that the award should be paid directly to the plaintiffs' attorney.

Accordingly, the court will award fees under the EAJA, payable directly to the plaintiffs' attorney.

IT IS ORDERED:

1. Plaintiffs' motion for attorney fees under the EAJA, Filing No. 45, is granted.
2. Plaintiffs are awarded fees under the EAJA in the amount of $6,125.50.
3. A judgment for EAJA attorney fees in accordance with this Memorandum and Order will be entered this date.

DATED this 25th day of July, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge